# IN THE UNITED STATES COURT OF APPEALS
# FOR THE FOURTH CIRCUIT

_____

|  |  |  |
|---|---|---|
| **APPALACHIAN VOICES,** *et al.*, | ) ) ) | |
| *Petitioners*, | ) ) ) | |
| v. | ) ) ) | Case Nos. 20-2187 (L) and 20-2244 |
| **UNITED STATES ENVIRONMENTAL PROTECTION AGENCY and ANDREW WHEELER, Administrator, United States Environmental Protection Agency,** | ) ) ) ) ) ) | |
| *Respondents.* | ) ) | |

_____

## UNOPPOSED MOTION OF ELECTRIC ENERGY, INC., COLETO CREEK POWER, LLC, DYNEGY MIAMI FORT, LLC, DYNEGY MIDWEST GENERATION, LLC, DYNEGY ZIMMER, LLC, ILLINOIS POWER GENERATING COMPANY, ILLINOIS POWER RESOURCES GENERATING, LLC, AND KINCAID GENERATION, L.L.C. FOR LEAVE TO INTERVENE IN SUPPORT OF RESPONDENTS

**Stephanie Z. Moore**
Executive Vice President & General Counsel
**Daniel J. Kelly**
Vice President & Associate General Counsel
**David W. Mitchell**
Senior Counsel, Environmental
VISTRA CORP.
6555 Sierra Drive
Irving, Texas 75039

**P. Stephen Gidiere III**
**Julia B. Barber**
BALCH & BINGHAM LLP
1901 6th Ave. N., Ste. 1500
Birmingham, Alabama 35203
205-251-8100
sgidiere@balch.com

*Counsel for Movant-Intervenors Electric Energy, Inc., Coleto Creek Power, LLC, Dynegy Miami Fort, LLC, Dynegy Midwest Generation, LLC, Dynegy Zimmer, LLC, Illinois Power Generating Company, Illinois Power Resources Generating, LLC, and Kincaid Generation, L.L.C.*

## MOTION FOR LEAVE TO INTERVENE

Pursuant to Federal Rules of Appellate Procedure 15(d) and 27, Electric Energy, Inc., Coleto Creek Power, LLC, Dynegy Miami Fort, LLC, Dynegy Midwest Generation, LLC, Dynegy Zimmer, LLC, Illinois Power Generating Company, Illinois Power Resources Generating, LLC, and Kincaid Generation, L.L.C. (collectively, "Movant-Intervenors") respectfully move to intervene in support of Respondents in consolidated Case Nos. 20-2187 and 20-2244 involving the Environmental Protection Agency's ("EPA") final rule entitled *Steam Electric Reconsideration Rule*, 85 Fed. Reg. 64,650 (Oct. 13, 2020) ("2020 ELG Rule"), and all other petitions for review of the same rule that are subsequently consolidated with this case. The 2020 ELG Rule makes revisions to the Clean Water Act ("CWA") technology-based effluent limitations guidelines ("ELGs") and standards for the steam electric power generating industry that were promulgated by EPA in 2015. The revisions apply to flue gas desulfurization ("FGD") wastewater and bottom ash ("BA") transport water. Movant-Intervenors own and/or operate steam electric power plants subject to the 2020 ELG Rule, and thus Movant-Intervenors have a direct and substantial interest in this case and meet the standard for intervention. Pursuant to Local Rule 27(a), counsel for Movant-Intervenors has contacted counsel for the other parties in these consolidated cases regarding this motion. No party has stated they oppose the motion. Counsel for

Respondents has stated that Respondents take no position on the motion. Counsel for Petitioners[1] have stated that Petitioners do not oppose this motion.

## BACKGROUND

In November 2015, EPA published its final rule revising the ELGs for the steam electric power generating point source category for the first time since 1982. *See* 80 Fed. Reg. 67,837 (Nov. 3, 2015) ("2015 ELG Rule"). Specifically, the 2015 ELG Rule addressed six waste streams from those plants, including FGD wastewater and BA transport water, and imposed the first federal limitations on the discharge of certain pollutants from steam electric power plants. *Id.* The 2015 ELG Rule was challenged by various groups, and those challenges were consolidated in the U.S. Court of Appeals for the Fifth Circuit. *See Sw. Elec. Power Co. v. EPA*, No. 15-60821 (5th Cir.). However, in April 2017, EPA announced its intent to reconsider the 2015 ELG Rule, and in August 2017, EPA specified that it intended to conduct a rulemaking to potentially revise the ELGs for two of the six relevant waste streams: FGD wastewater and BA

---

[1] Petitioners in Case No. 20-2187 are Appalachian Voices, Good Stewards of Rockingham, the Stokes County Branch of the NAACP, and Winyah Rivers Alliance. Petitioners in consolidated case No. 20-2244 are Clean Water Action, Environmental Integrity Project, Sierra Club, Waterkeeper Alliance, Inc., Natural Resources Defense Council, Inc., Center for Biological Diversity, PennEnvironment, Inc., Chesapeake Climate Action Network, and Prairies Rivers Network. All petitioners in Case Nos. 20-2187 and 20-2244 are referred to collectively as "Petitioners" throughout.

transport water. 85 Fed. Reg. at 64,654. Therefore, the Fifth Circuit severed and held in abeyance all judicial proceedings relating to those two waste streams.[2] *Id.*

On November 22, 2019, EPA proposed the rule at issue here. In the proposal, EPA proposed to, among other things, revise the effluent limitations for FGD wastewater and BA transport water, create new subcategories for both waste streams, and revise certain compliance deadlines. 84 Fed. Reg. 64,620, 64,622 (Nov. 22, 2019). In the 2020 ELG Rule at issue here, EPA revised the effluent limitations for FGD wastewater and BA transport water based on certain technologies that EPA identified as the "best available technology economically achievable" ("BAT"). 85 Fed. Reg. at 64,651. The 2020 ELG Rule also established subcategories for high FGD flow plants, electric generating units ("EGUs") that will permanently cease the combustion of coal by 2028, and low utilization EGUs and revised the voluntary incentives program for plants that adopt additional process changes and controls. *Id.* at 64,652. Additionally, the 2020 ELG Rule established a compliance date of no later than December 31, 2025, for the generally applicable FGD wastewater and BA transport water standards where those standards in the 2020 ELG Rule are more stringent than the previously established standards for the relevant waste streams. *Id.*

---

[2] The Fifth Circuit also severed and held in abeyance all judicial proceedings relating to gasification wastewater; however, that waste stream is not addressed by the 2020 ELG Rule. *See* Order at 2, *Sw. Elec. Power Co. v. EPA*, No. 15-60821 (5th Cir. Aug. 22, 2017).

3

## ARGUMENT

The Court should grant Movant-Intervenors' motion for leave to intervene in support of Respondents because Movant-Intervenors meet this Court's standard for intervention.[3] In a proceeding involving a petition for review of an agency action, Federal Rule of Appellate Procedure 15 requires that a motion to intervene "be filed within 30 days after the petition for review is filed" and "contain a concise statement of the interest of the moving party and the grounds for intervention." Fed. R. App. P. 15(d).

Although not specifically binding here, Federal Rule of Civil Procedure 24 generally informs the intervention inquiry under Federal Rule of Appellate Procedure 15(d). *See Int'l Union v. Scofield*, 382 U.S. 205, 216 n.10 (1965). The requirements for intervention as of right under Federal Rule of Civil Procedure 24 are: (1) the motion to intervene is timely; (2) the movant claims an interest relating to the subject of the action; (3) disposition of the action may, as a practical matter, impair or impede the movant's ability to protect that interest; and (4) existing parties may not adequately represent the

---

[3] To the extent an intervenor on behalf of a respondent must demonstrate standing, Movant-Intervenors' standing in this matter is self-evident. Movant-Intervenors are directly regulated by the 2020 ELG Rule. The relief sought by Petitioners will cause Movant-Intervenors to suffer injury-in-fact, and denying that relief will redress Movant-Intervenors' injury. *See Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560-61 (1992). Petitioners presumably seek to vacate or revise the 2020 ELG Rule, which would create regulatory uncertainty as to the regulatory requirements placed on Movant-Intervenors' steam electric power plants. If the Court denies the Petitioners' petition, the injury to Movant-Intervenors would be eliminated.

4

movant's interest. Fed. R. Civ. P. 24(a); *see also In re Sierra Club*, 945 F.2d 776, 779 (4th Cir. 1991) (citing *Gould v. Alleco, Inc.*, 883 F.2d 281, 284 (4th Cir. 1989)).

**I.     Movant-Intervenors Satisfy the Requirements for Intervention as of Right**

    **A.     The Motion to Intervene Is Timely**

Movant-Intervenors' motion meets the standard for timeliness under Federal Rule of Appellate Procedure 15, which requires that "[t]he motion . . . must be filed within 30 days after the petition for review is filed . . . ." Fed. R. App. P. 15(d). Here, the petition for review was filed in this Court on November 2, 2020. Movant-Intervenors' motion to intervene is therefore timely because it is being filed within 30 days after the filing of the petition for review (*i.e.*, on or before December 2, 2020).

    **B.     Movant-Intervenors Have Protectable Interests in the 2020 ELG Rule that Would Be Impaired if Petitioners Prevail**

Movant-Intervenors have interests that will be impaired if the 2020 ELG Rule is not upheld. An intervenor has a protectable interest when the intervenor "stand[s] to gain or lose" as a result of the court's judgment. *Teague v. Bakker*, 931 F.2d 259, 261 (4th Cir. 1991). As this Court has noted, "liberal intervention is desirable to dispose of as much of a controversy 'involving as many apparently concerned persons as is compatible with efficiency and due process.'" *Feller v. Brock*, 802 F.2d 722, 729 (4th Cir. 1986) (quoting *Nuesse v. Camp*, 385 F.2d 694, 700 (D.C. Cir. 1967)). Here, Movant-Intervenors own and operate eight steam electric power plants that are directly regulated under the 2020 ELG Rule and thus have a direct interest in the outcome of this case.

5

Movant-Intervenors have an interest in preserving flexibility of compliance options under the CWA, including potential reliance on the subcategories developed in the 2020 ELG Rule, and protecting the operation of their generating facilities and ensuring the economic viability of those facilities without undue burden. If Petitioners are successful in their challenge and the 2020 ELG Rule is vacated or revised, it would create significant regulatory uncertainty, and potentially different requirements, for Movant-Intervenors' steam electric power plants that are directly regulated by the 2020 ELG Rule.

Further, Movant-Intervenors have availed themselves of the administrative process by submitting comments to EPA on the proposal that preceded the 2020 ELG Rule.[4] Because Movant-Intervenors have direct legal and economic interests that will be impaired if the 2020 ELG Rule is vacated or revised, intervention on behalf of Respondents is warranted.

### C. No Existing Party Adequately Represents Movant-Intervenors' Interests

Movant-Intervenors' interest in Petitioners' challenge to the 2020 ELG Rule will not be adequately represented by any of the existing parties to this case. The burden of showing that an intervenor's interests will not be adequately represented by existing parties is met if the applicant "show[s] that representation of its interest 'may be'

---

[4] *See* Comments of Vistra, Dock. ID EPA-HQ-OW-2009-0819-8460 (Jan. 21, 2020).

6

inadequate." *United Guar. Residential Ins. Co. of Iowa v. Phila. Sav. Fund Soc'y*, 819 F.2d 473, 475 (4th Cir. 1987) (quoting *Trbovich v. United Mine Workers*, 404 U.S. 528, 538 n.10 (1972)). Here, neither Respondents nor Petitioners represent Movant-Intervenors' interests.

As a governmental entity, EPA necessarily represents the interests of all citizens. *See In re Sierra Club*, 945 F.2d at 779-80 (holding that a state agency was not an adequate representative of intervenors' interests because the agency "should represent all of the citizens of the state"). This Court has recognized that "when a party to an existing suit is obligated to serve two distinct interests, which, although related, are not identical, another with one of those interests should be entitled to intervene." *United Guar.*, 819 F.2d at 475-77 (citing *Trbovich*, 404 U.S. at 538-39). Respondents' interest in the 2020 ELG Rule arises from its governmental obligations under the CWA. This is different from Movant-Intervenors' interest, which arises from the regulatory obligations imposed on their commercial operations as a result of the 2020 ELG Rule. Thus, while Respondents and Movant-Intervenors may seek the same result in the present action (*i.e.*, to uphold the 2020 ELG Rule), their objectives are distinct. Because Respondents' interests are in the realm of *policymaking* while Movant-Intervenors' interests are in the realm of *compliance*, Respondents are not in the position to adequately represent Movant-Intervenors' specific arguments and interests.

Likewise, Petitioners do not represent Movant-Intervenors' interests. Petitioners seek to vacate or revise the 2020 ELG Rule, while Movant-Intervenors seek to defend

7

it. Because Petitioners are directly opposed to Movant-Intervenors' interest, there is no reason or expectation for them to raise arguments in representation of Movant-Intervenors' position. This means no party in the present litigation will adequately represent Movant-Intervenors, therefore, making intervention appropriate.

## II.   In the Alternative, Movant-Intervenors Satisfy the Standard for Permissive Intervention

Movant-Intervenors should be entitled to intervene as a matter of right, but, in the alternative, this Court should allow for permissive intervention. Federal Rule of Civil Procedure 24(b)(1) provides that "[o]n timely motion, the court may permit anyone to intervene who . . . has a claim or defense that shares with the main action a common question of law or fact." Fed. R. Civ. P. 24(b)(1). As previously demonstrated, Movant-Intervenors timely filed their motion for leave to intervene and has an interest that will be impaired if the 2020 ELG Rule is modified. To protect their interests, Movant-Intervenors, along with Respondents, will argue that EPA acted lawfully in revising the technology-based effluent limitations guidelines and standards in the 2020 ELG Rule. In doing so, Movant-Intervenors and Respondents will likely make many similar legal arguments, such as that EPA's effluent limitations for FGD wastewater and BA transport water appropriately reflect the BAT for these waste streams. Therefore, a common question of law exists and permissive intervention should be granted.

## CONCLUSION

For the foregoing reasons, Movant-Intervenors respectfully ask this Court to grant their motion for leave to intervene in support of Respondents.

Dated: December 2, 2020            Respectfully submitted,

s/ P. Stephen Gidiere III
P. Stephen Gidiere III
Julia B. Barber
BALCH & BINGHAM LLP
1901 6th Ave. N., Ste. 1500
Birmingham, Alabama 35203
205-251-8100
sgidiere@balch.com

Stephanie Zapata Moore
Executive Vice President & General Counsel
Daniel J. Kelly
Vice President & Associate General Counsel
David W. Mitchell
Senior Counsel, Environmental
VISTRA CORP.
6555 Sierra Drive
Irving, Texas 75039

*Counsel for Movant-Intervenors Electric Energy, Inc., Coleto Creek Power, LLC, Dynegy Miami Fort, LLC, Dynegy Midwest Generation, LLC, Dynegy Zimmer, LLC, Illinois Power Generating Company, Illinois Power Resources Generating, LLC, and Kincaid Generation, L.L.C.*

## **CERTIFICATE OF COMPLIANCE**

The undersigned counsel states that this motion complies with Fed. R. App. P. 27(d)(2)(A) because it contains 1,992 words, excluding the caption and signature blocks, as counted by a word processing system and, therefore, is within the word limit. This motion also complies with typeface requirements of Fed. R. App. P. 27(d)(1)(E) because it has been prepared in a proportionally spaced typeface in 14-point Garamond font.

Dated: December 2, 2020

                                        s/ P. Stephen Gidiere III
                                        *Counsel for Movant-Intervenors*

**CERTIFICATE OF SERVICE**

I hereby certify that all counsel of record who have consented to electronic service are being served with a copy of this document via the Court's CM/ECF system on this 2nd day of December, 2020.

                                                s/ P. Stephen Gidiere III
                                                *Counsel for Movant-Intervenors*